IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

JACKIE McLEOD, #116274,                )
                                       )
        Plaintiff,                     )
                                       )
    v.                                 )        CASE NO. 1:08-CV-532-TMH
                                       )               [WO]
                                       )
ANDY R. HUGHES, et al.,                )
                                       )
        Defendants.                    )

**ORDER AND RECOMMENDATION OF THE MAGISTRATE JUDGE**

This civil action is before the court on a 42 U.S.C. § 1983 complaint filed by Jackie

McLeod ["McLeod"], a state inmate and frequent federal litigant, on July 3, 2008. In this

complaint, McLeod challenges the constitutionality of his arrest in May of 2008.

On August 11, 2008, McLeod filed a motion for leave to proceed *in forma pauperis* under

28 U.S.C. § 1915(a). *Application to Proceed Without Prepayment of Fees - Court Doc. No. 6*.

However, 28 U.S.C. § 1915(g) directs that a prisoner is not allowed to bring a civil action or

proceed on appeal *in forma pauperis* if he "has, on 3 or more occasions, while incarcerated or

detained in any facility, brought an action or appeal in a court of the United States that was

dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief

may be granted, unless the prisoner is under imminent danger of serious physical injury."[1]

---

[1]In *Rivera v. Allin*, 144 F.3d 719, 731, *cert. denied*, 524 U.S. 978, 119 S.Ct. 27 (1998), the Court
determined that the "three strikes" provision of 28 U.S.C. § 1915(g), which requires frequent filer prisoner
indigents to prepay the entire filing fee before federal courts may consider their cases and appeals, "does not
violate the First Amendment right to access the courts; the separation of judicial and legislative powers; the Fifth
Amendment right to due process of law; or the Fourteenth Amendment right to equal protection, as incorporated
through the Fifth Amendment." In *Jones v. Bock*, 549 U.S. 199, 127 S.Ct. 910, 921 (2007), the Supreme Court
abrogated *Rivera* but only to the extent it compelled an inmate to plead exhaustion of remedies in his complaint

The records of this court establish that McLeod, while incarcerated or detained, has on at least three occasions had civil actions dismissed as frivolous, malicious, for failure to state a claim and/or for asserting claims against defendants immune from suit pursuant to the provisions of 28 U.S.C. § 1915. The cases on which this court relies in finding a § 1915(g) violation are: (1) *McLeod v. Byrd, et al.*, Case No. 1:94-CV-1382-ID (M.D. Ala. 1995), (2) *McLeod v. Herring, et al.*, Case No.2:94-CV-1014-RBP (N.D. Ala. 1995), and (3) *McLeod v. Cooper, et al.*, Case No. 2:93-CV-798-SCP (N.D. Ala. 1993).

In the instant complaint, McLeod presents allegations regarding the validity of his arrest in May of 2008. The allegations made the basis of the pending complaint fail to demonstrate that McLeod was "under imminent danger of serious physical injury" at the time he filed this cause of action as is required to meet the imminent danger exception to the application of 28 U.S.C. § 1915(g). *Medberry v. Butler*, 185 F.3d 1189, 1193 (11th Cir. 1999) (a prisoner who has filed three or more frivolous lawsuits and seeks to proceed *in forma pauperis* in a subsequent civil action must demonstrate a present "imminent danger" to circumvent application of the "three strikes" provision of 28 U.S.C. § 1915(g)). Based on the foregoing, the court concludes that McLeod's motion for leave to proceed *in forma pauperis* is due to be denied and this case dismissed without prejudice as McLeod failed to pay the requisite filing fee upon initiation of this cause of action. *Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002) (emphasis in original) ("[T]he proper procedure is for the district court to dismiss the complaint without

---

as "failure to exhaust is an affirmative defense under the PLRA ... and inmates are not required to specifically plead or demonstrate exhaustion in their complaints." 549 U.S. ---, 127 S.Ct. at 921.

prejudice when it denies the prisoner leave to proceed *in forma pauperis* pursuant to the provisions of § 1915(g)" because the prisoner "must pay the filing fee at the time he ***initiates*** the suit.").

### CONCLUSION

Accordingly, it is

ORDERED that the motion for leave to proceed *in forma pauperis* filed by Jackie McLeod on August 11, 2008 (Court Doc. No. 6) be and is hereby DENIED. Additionally, it is the RECOMMENDATION of the Magistrate Judge that this case be dismissed without prejudice for the plaintiff's failure to pay the full filing fee upon the initiation of this case. It is further

ORDERED that **on or before August 25, 2008,** the parties may file objections to the Recommendation. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding

precedent all of the decisions of the former Fifth Circuit handed down prior to the close of

business on September 30, 1981.

Done this 12th day of August, 2008.


_____/s/Charles S. Coody_____
CHARLES S. COODY
UNITED STATES MAGISTRATE JUDGE